J. E. BEFARAH AND E. NASSIF, TRADING AS RALEIGH BARGAIN HOUSE, v. T. F. SPELL, I. V. SPELL AND J. C. TAYLOR.

(Filed 9 October, 1918.)

**Partnership—"Assumed Name"—Statutes.**

> Where a partnership business is being conducted under the surname of the proprietors in such manner as to afford a reasonable and sufficient guide to a correct knowledge of the individuals composing the firm, chapter 77, Laws 1913, forbidding the carrying on or transacting business under an "assumed name," etc., does not apply. *Jennette Bros. Co. v. Coppersmith, ante*, cited as controlling.

ACTION tried before *Calvert, J.*, and a jury, at February Term, 1918, of SAMPSON.

The action is to recover on notes—one chattel mortgage to secure same, given to N. J. Aboud for the purchase price of stock of goods sold to defendants, Spell and wife, on 28 March, 1917.

At the close of the testimony, on motion, there was judgment of nonsuit, and plaintiffs excepted and appealed.

*Butler & Herring and Manning & Kitchin for plaintiffs.*
*Grady & Graham for defendants.*

HOKE, J.   It appeared in evidence that, in 1917, the firm of Aboud Bros. were doing a general merchandise business at Roseboro, N. C., the firm consisting of N. J. Aboud, the principal owner and manager, and a brother, Abdou Aboud, resident in the "old country," who had put in the business about $300; that about sixty days before the transaction in question, the brother, Abdou, sold out all his interest to N. J., and thereupon the latter sold the entire stock to defendants, Spell and wife, for $4,000, $500 being paid in cash and the balance evidenced by promissory notes, payable in different amounts and at stated periods, with a chattel mortgage on the stock to secure the same, and all made to N. J. Aboud, the then sole owner; that said N. J. Aboud, being indebted to the Raleigh Bargain House for a considerable amount, assigned said notes and mortgages to secure his indebtedness, with full power of foreclosure, etc.; that, later, a formal written transfer of the notes and mortgages and the property therein contained was made by N. J. Aboud to the Raleigh Bargain House and to J. E. Befarah, the recital being that he had purchased the same, and who appears as one of the plaintiffs.

There was also allegation, with evidence, to the effect that, after the registration of the mortgage to N. J. Aboud, defendants, Spell and wife, had executed a further mortgage on the stock to defendant J. C. Taylor, plaintiffs contending that the mortgage was for a fictitious debt, and

there was nothing due thereon and never had been. The evidence further tended to show that the style and title of the Raleigh Bargain House was "The Raleigh Bargain House, Nassif & Befarah, Proprietors, Jobbers and Retailers," and that the full title was on all the letterheads, etc., the plaintiffs, J. E. Befarah and F. Nassif, being the proprietors and owners, as stated.

It further appeared that neither this firm nor that of Aboud Bros. has filed a certificate with the clerk of the court under chapter 77, Laws 1913, forbidding the carrying on or transacting business under an assumed name.

In a case at the present term, *Jennette Bros. Co. v. Elisha Coppersmith and wife,* the Court held that where the style and title of a business containing the surname of the proprietors was such as to afford a reasonable and sufficient guide to a correct knowledge of the individuals composing the firm, the case did not come within the statute, this not being in any sense an "assumed name," within the meaning and purpose of the law.

On the record, we are of opinion that both of these firms, Aboud Bros., composed of N. J. Aboud, and the Raleigh Bargain House, the style and title being "The Raleigh Bargain House, Nassif & Befarah, Proprietors," and composed of plaintiffs, J. E. Befarah and F. Nassif, come within the principle of that decision, and that the order of nonsuit must be set aside.

Reversed.